IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>DUAL TRUCKING, INC., a Louisiana corporation, DUAL TRUCKING OF MONTANA, L.L.C., a Louisiana limited liability company, DUAL TRUCKING AND TRANSPORT, L.L.C., a Louisiana limited liability company, and ANTHONY J. ALFORD, a Louisiana resident,<br><br>　　　　　　　Defendants. | CV-20-53-GF-BMM<br><br>Order |

## INTRODUCTION

Defendants in this matter, Dual Trucking, Inc., Dual Trucking of Montana, L.L.C., Dual Trucking and Transport, L.L.C., and Anthony J. Alford (collectively, "Defendants") move to stay this declaratory judgment action regarding insurance coverage. (Doc. 52). Defendants argue that the issues raised by Plaintiff Admiral Insurance Company ("Admiral") revolve around pending underlying state court actions. (Doc. 53 at 2). Defendant insists that the Court should decline to exercise its authority under the Declaratory Judgment Act, 28 U.S.C. § 2201, and should stay this matter until conclusion of those underlying state court actions. *Id.*

Admiral opposes Defendants' Motion to Stay. (Doc. 61). Admiral points to an earlier Order in this case by the United States District Court for the Eastern District of Louisiana (Doc. 23), in which the district court denied Defendants' Motion to Dismiss on Abstention Grounds (Doc. 12). Admiral argues that the district court's analysis on Defendants' Motion to Dismiss (Doc. 12) proves equally applicable to Defendants' present Motion to Stay (Doc. 52). (Doc. 61 at 7).

## PROCEDURAL BACKGROUND

Admiral originally filed this action seeking declaratory judgment in the United States District Court for the Eastern District of Louisiana on February 4, 2020. (Doc. 1). Defendants filed a Motion to Dismiss on Abstention Grounds on March 13, 2020. (Doc. 12). Defendants argued that "the underlying lawsuits against [Defendants] are based on essentially the same factual transactions or occurrences involved in the [underlying] coverage dispute." (Doc. 12-2 at 2). The district court rejected Defendants' argument and found abstention unwarranted in this case. (Doc. 23). The district court noted that there "is no parallel state action involving the same parties, and deciding this case would not implicate principles of federalism and comity, fairness concerns, or issues of judicial economy." (Doc. 61 at 2 (quoting Doc. 23 at 3–4)).

This matter was transferred to the United States District Court for the District of Montana, Billings Division, in May of 2020. (Doc. 23). The parties

moved to change venue to the Great Falls Division on June 19, 2020. (Doc. 28). Admiral later filed an Amended Complaint on November 6, 2020. (Doc. 48). Admiral asks this Court to "declare and determine that no coverage exists for the allegations made against [D]efendants" in the following three instances: (1) the complaint filed by Garth L. Harmon and Wagner Harmon in Montana's Fifteenth Judicial District Court, Roosevelt County, Cause No. DV 15-15; (2) the complaint filed by the Montana Department of Environmental Quality ("DEQ") in Montana's Fifteenth Judicial District Court, Roosevelt County, Cause No. DV 14-67; and (3) six "Violation Letters" sent by DEQ to Defendants. (Doc. 48 at 1–2 (citing Fed. R. Civ. P. 57; 28 U.S.C. § 2201)).

Defendants filed a Motion to Stay on January 18, 2021. (Doc. 52). Defendants argue that "none of the substantive issues raised in any of the . . . underlying actions have been addressed on the merits and all affect the instant action to a significant degree." (Doc. 53 at 4). Defendants contend that this Court has "no fair or practical way" to decide Admiral's asserted coverage issues before the state court produces merits determinations on the underlying claims. *Id.* Admiral responds that the law of the case precludes this Court's issuance of a stay. (Doc. 61 at 4–5).

## LEGAL BACKGROUND

*Declaratory Judgment Act and* Brillhart *factors*

Defendants argue that this Court should apply the factors from *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942), and abstain from deciding this declaratory judgment action until the state court claims reach resolution. (Doc. 53 at 4–5). The Declaratory Judgment Act gives federal district courts permissive authority to grant declarative relief. *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1222–23 (9th Cir. 1998). The exercise of the court's discretion must adhere to principles of comity, judicial economy, and federalism, and should be guided by the factors set forth in *Brillhart*, 316 U.S. at 495. *See Great Am. Assur. Co. v. Discover Property and Cas. Ins. Co.*, 779 F. Supp. 2d 1158, 1162 (D. Mont. 2011).

The United States Supreme Court in *Brillhart* identified the following three factors for consideration by a federal court in determining whether to accept a declaratory judgment action: (1) the federal court should avoid needless determination of state law issues; (2) the federal court should discourage litigants from filing declaratory actions as a means of forum shopping; and (3) the federal court should avoid duplicative litigation. 316 U.S. at 494–95; *see also R.R. Street & Co., Inc. v. Transport Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011).

*Law of the Case Doctrine*

The "law of the case" doctrine generally precludes a court from "reconsidering an issue previously decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).

The doctrine applies where the issue in question was "decided either expressly or by necessary implication in [the] previous disposition." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993). The law of the case "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983).

## DISCUSSION

The applicability of the law of the case doctrine turns on whether the United States District Court for the Eastern District of Louisiana, in its abstention determination (Doc. 23), implicitly addressed the issues raised in Defendants' Motion to Stay (Doc. 52). Because the Court determines that the law of the case doctrine applies, the Court will deny Defendants' Motion to Stay (Doc. 52).

Before transfer of this action to the District of Montana, Defendants filed a Motion to Dismiss on Abstention Grounds (Doc. 12) in the Eastern District of Louisiana. The district court addressed Defendants' arguments by applying the *Brillhart* factors as interpreted by the Fifth Circuit in *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994). The *Trejo* factors address the three aspects of the *Brillhart* decision, namely, federalism, fairness, and efficiency. (Doc. 23 at 8 (citations omitted)).

The district court began its analysis of the *Trejo*/*Brillhart* factors by clarifying the nature of Admiral's declaratory action in relation to the pending underlying state court matters. (Doc. 23 at 8). The Ninth Circuit has recognized that a presumption exists requiring the entire suit to be heard in state court where parallel state proceedings involving the same issues and parties remain pending at the time of filing a federal declaratory action. *Dizol*, 133 F.3d 1220, 1225. The Eastern District of Louisiana recognized that "Admiral is not a party to the actions pending in Montana state court, and those [underlying] proceedings do not involve the insurance coverage disputes at issue in the instant action." (Doc. 23 at 8). The court determined that the present declaratory action does not parallel the state court litigation. *Id.* This Court agrees with the Eastern District of Louisiana that the underlying state proceedings do not "parallel" Admiral's declaratory action. No presumption exists requiring state court administration of Admiral's claims.

The district court next addressed the fairness principles inherent in *Brillhart*. The court commented on Defendants' apparent confusion between fairness considerations and judicial economy. *Id.* at n. 42. Defendants provided "no allegation that Admiral's filing suit in . . . federal court was unfair" in their Motion to Dismiss on Abstention Grounds. *Id.* at 8. A review of Defendants' briefing on the present Motion to Stay (Doc. 52) reveals that Defendants again confuse fairness principles with notions of judicial economy. Defendants opine that "no fair

or practical way" exists for this Court to decide the coverage issues before a merits determination on the state court claims. (Doc. 53 at 4). Defendants support this statement by insisting that, in the absence of a stay, they "will be forced to present their defenses to the allegations made in the underlying cases multiple times." *Id.* Defendants contend that Admiral's Amended Complaint contains "numerous factual claims relating to the allegations made in the various underlying claims," in an apparent attempt to tie the facts of the state court claims to the merits of Admiral's federal declaratory action. *Id.* Defendants fall short of connecting fairness principles arising from Admiral's insurance claims in the federal declaratory action to the state court actions not involving Admiral. The Court agrees with the Eastern District of Louisiana that fairness considerations weigh against a stay of Admiral's federal claims. (Doc. 23 at 8).

     The district court lastly addressed whether judicial economy would be served by permitting Admiral to proceed on its federal declaratory action. (Doc. 23 at 9). This factor focuses on whether the issues in this case are, or could be, addressed in the state court proceedings. *Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371, 1373 (9th Cir. 1991). When the Eastern District of Louisiana made its abstention determination, there were "two pending state court cases in which the underlying factual issues [were] being litigated." (Doc. 23 at 9). The insurance coverage issues involved two substantially identical contracts and one

factual situation. *Id.* The district court concluded that deciding these issues "in one federal forum instead of two state fora promotes judicial efficiency." *Id.* The state court claims at issue remain the same as those discussed by the district court in its abstention Order (Doc. 23). The Court agrees that judicial economy would be better served by permitting Admiral's federal declaratory action to proceed.

## CONCLUSION

The United States District Court for the Eastern District of Louisiana already considered Defendants' arguments in the context of a Motion to Dismiss. (Doc. 23). The district court's application of the *Brillman* factors remains applicable to Defendants' Motion to Stay (Doc. 52). This Court determines that the issues raised in Admiral's Amended Complaint (Doc. 48) can be resolved without offending principles of comity, fairness, and judicial economy. Accordingly, **IT IS ORDERED** that Defendants' Motion to Stay (Doc. 52) is **DENIED**.

Dated this 7th day of April, 2021.

_____
Brian Morris, Chief District Judge
United States District Court