IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY,<br><br>     Plaintiff,<br><br>vs.<br><br>DUAL TRUCKING, INC., a Louisiana corporation, DUAL TRUCKING OF MONTANA, L.L.C., a Louisiana limited liability company, DUAL TRUCKING AND TRANSPORT, L.L.C., a Louisiana limited liability company, and ANTHONY J. ALFORD, a Louisiana resident,<br><br>     Defendants. | CV-20-53-GF-BMM<br><br>ORDER |

  Defendant Anthony J. Alford ("Alford") moves to dismiss this declaratory judgment action regarding insurance coverage. (Doc. 30). Alford argues that this Court lacks personal jurisdiction over him under Fed. R. Civ. P. 12(b)(2). (Doc. 31). Plaintiff Admiral Insurance Company ("Admiral") opposes Alford's Motion to Dismiss. (Doc. 36).

  Admiral originally filed this lawsuit in the United States District Court for the Eastern District of Louisiana, where Alford resides and where each of Alford's co-Defendants operate. *Id.* Alford, together with the other Defendants in this case,

filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction Due to Abstention, or Alternatively, For Lack of Proper Venue Based on Forum Non Conveniens. (Doc. 12). Alford argued in his alternative motion that the Eastern District of Louisiana should transfer this case to the District of Montana, because the convenience factors "weigh heavily in favor of a Montana venue rather than the Eastern District of Louisiana." (Doc. 12-2 at 9). The Eastern District of Louisiana weighed Alford's motion, and agreed to transfer this action to the District of Montana. (Doc. 23).

Admiral argues that the Eastern District of Louisiana's analysis on Alford's alternative motion (Doc. 12) proves equally applicable to Alford's present Motion to Dismiss (Doc. 30). (Doc. 36 at 5). Admiral urges this Court to deny Alford's Motion to Dismiss (Doc. 30) under the "law of the case" doctrine. (Doc. 36 at 5). Alford replies that, although he moved for a change of venue under 28 U.S.C. § 1404(a) for *forum non conveniens*, the parties did not substantively brief the issue of personal jurisdiction. (Doc. 37 at 2–3). Alford insists that the Eastern District of Louisiana's discussion and findings on Montana's personal jurisdiction over Alford did not constitute a "definitive ruling." *Id.* at 3.

The "law of the case" doctrine generally precludes a court from "reconsidering an issue previously decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).

The doctrine applies where the issue in question was "decided either expressly or by necessary implication in [the] previous disposition." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993). The law of the case "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983).

The applicability of the law of the case doctrine turns on whether the United States District Court for the Eastern District of Louisiana, in its resolution of Alford's alternative motion (Doc. 23), expressly or implicitly addressed the issues raised in Alford's Motion to Dismiss (Doc. 30). Because the Court determines that the law of the case doctrine applies, the Court will deny Alford's Motion to Dismiss (Doc. 30).

In granting the transfer to this Court, the Eastern District of Louisiana noted that 28 U.S.C. § 1404(a) permits a court to transfer a civil action only to a district where the claims "might have been brought." *Id.* at 10. The "might have been brought" language of 28 U.S.C. § 1404(a) "refers to federal laws about venue and jurisdiction." (Doc. 23 at 10) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 624 (1964)). When deciding whether to transfer an action to another venue, "a district court must make two inquiries: (1) whether the transferee court would have been a proper venue and could exercise personal jurisdiction over all defendants; and (2)

3

whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum. (Doc. 13 at 11) (citing *In re Volkswagen AG*, 371 F.3d 201 (5th Cir. 2004)). The decision to transfer venue under 28 U.S.C. § 1404(a) remains within the sound discretion of the district court. *Id.*

Upon Alford's motion for transfer of venue, the Eastern District of Louisiana performed its duty under 28 U.S.C. § 1404(a). Although the Defendants failed to substantively address personal jurisdiction in their alternative motion briefing, the Court imputes Alford with knowledge of the analysis that courts undertake when deciding whether to transfer claims under 28 U.S.C. § 1404(a). The district court analyzed Montana's long-arm statute, Mont. R. Civ. P. 4(b)(1), and the record to determine whether the District of Montana would have personal jurisdiction over all Defendants in this case, including Alford. *Id.* at 11.

The Eastern District of Louisiana concluded that the District of Montana would hold, in fact, both general and specific personal jurisdiction over Alford and his co-Defendants. (Doc. 23 at 10–11). Defendants' leasing activities and business transactions in Montana over the course of several years supported the determination that their activities were substantial, systematic, and continuous. *Id.* at 12. Defendants were subject, therefore, to general personal jurisdiction in Montana. *Id.* Defendants also were deemed subject to specific personal jurisdiction in Montana because "Admiral's declaratory judgment action arises out of

4

Defendants' transacting business in Montana, Defendants' actions that resulted in two Montana state court actions, and Defendants' use of property in Montana." *Id.* The Eastern District of Louisiana further determined that the District of Montana's exercise of personal jurisdiction over Alford and his co-Defendants "comports with traditional notions of fair play and substantial justice." *Id.* at 12–13.

Despite Alford's attempt to evade jurisdiction, the Court finds no justification to overturn the Eastern District of Louisiana's determination that the District of Montana may exercise personal jurisdiction over Alford. *See* Doc. 23. Alford argued to the Eastern District of Louisiana that the District of Montana proves a "far more convenient forum" for himself and his co-Defendants. (Doc. 12-2 at 12). The Court agrees with Alford on this sentiment and will deny his Motion to Dismiss for Lack of Personal Jurisdiction. (Doc. 30). Accordingly, **IT IS ORDERED** that Defendant Anthony Alford's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 30) is **DENIED**.

Dated this 20th day of April, 2021.

_____
Brian Morris, Chief District Judge
United States District Court